20-2004-pr
Riccardi v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-one.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges*,
JOHN P. CRONAN,
*Judge.\**

-----------------------------------------------------------------

RICHARD RICCARDI,

*Petitioner-Appellant,*

v.                                                        No. 20-2004

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

-----------------------------------------------------------------

*\* Judge John P. Cronan, of the United States District Court for the Southern District of New York, sitting by designation.*

FOR PETITIONER-APPELLANT: ERIC NELSON, Esq., Staten Island, NY

FOR RESPONDENT-APPELLEE: KEITH D. EDELMAN, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Richard Riccardi appeals from an April 4, 2020 judgment of the United States District Court for the Eastern District of New York (Korman, J.) denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In the underlying criminal case, Riccardi was convicted, following a jury trial, of Hobbs Act robbery and Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a), unlawful use of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and causing death through use of a firearm, in violation of 18 U.S.C. § 924(j)(1).

2

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal from the denial of his § 2255 petition, Riccardi argues that his firearm-related convictions must be vacated because the District Court instructed the jury that it could consider the § 924(c) count if it found Riccardi guilty of either (or both) the Hobbs Act robbery or Hobbs Act robbery conspiracy charges and that it could consider the § 924(j) count if it found Riccardi guilty of the § 924(c) count. These instructions, Riccardi contends, render ambiguous whether his § 924 convictions were premised on the charged Hobbs Act robbery conspiracy, which is no longer a categorical crime of violence that can support a conviction under § 924(c), or on the charged substantive Hobbs Act robbery, which continues to be a categorical crime of violence. See United States v. Barrett, 937 F.3d 126, 127–28 (2d Cir. 2019). According to Riccardi, because it is impossible to tell whether the jury's general verdict of guilty on the § 924 counts rested on the sufficient or the insufficient Hobbs Act predicate, vacatur is required under Yates v. United States, 354 U.S. 298, 312 (1957).

3

Riccardi procedurally defaulted his claim of error under <u>Yates</u>. He neither raised this issue on direct appeal nor argues that he is actually innocent. Accordingly, to avoid a procedural bar to his collateral attack Riccardi must establish (1) cause for failing to raise his challenge on direct appeal and (2) actual prejudice resulting therefrom. <u>See</u> <u>Gupta v. United States</u>, 913 F.3d 81, 84 (2d Cir. 2019).

Even assuming that Riccardi could show cause, he cannot demonstrate that he suffered prejudice from the alleged error. In determining whether a habeas petitioner has suffered prejudice from a challenged jury instruction, the question is "not merely whether the instruction is undesirable, erroneous, or even universally condemned, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." <u>Id.</u> at 85 (quotation marks omitted). Here, there is no possibility that the § 924 convictions rested solely on the (invalid) Hobbs Act robbery conspiracy predicate and not also on the (valid) substantive Hobbs Act robbery offense. The jury found both offenses proved beyond a reasonable doubt, and both offenses related to the same facts. Indeed, the District Court explicitly instructed the jury

4

that "Count One charges a conspiracy to commit the [robbery] charged in Count Two." App'x 40. Moreover, the jury specifically found, in connection with the § 924(c) count, that the firearm was both brandished and discharged, further demonstrating that Riccardi's firearms convictions rested at least in part on an actual robbery, not merely a conspiracy to rob. See Gov't App'x 1. Because the jury found Riccardi guilty of the substantive Hobbs Act robbery predicate for his § 924 convictions, Riccardi was not prejudiced by the District Court's instruction regarding the alternative Hobbs Act robbery conspiracy predicate. See United States v. Eldridge, --- F.3d ---, 2021 WL 2546175, at *8 (2d Cir. June 22, 2021) (holding, on plain error review, that the defendant "was not prejudiced by the district court's erroneous instruction with respect to the valid predicate crimes of violence, because the jury would have returned a guilty verdict on [the brandishing charge] even if it had been instructed that only attempted Hobbs Act robbery [and not Hobbs Act robbery conspiracy] was a valid predicate under § 924(c)"); see also Murray v. Carrier, 477 U.S. 478, 493–94 (1986) ("The showing of prejudice required [to avoid a procedural default] is significantly greater than that necessary under the more vague inquiry suggested by the words 'plain

5

error.'" (quotation marks omitted)).  Riccardi's claim is therefore procedurally barred.

We have considered Riccardi's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court